IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LARRY PURNELL,** | ) |
| Petitioner, | ) |
| v. | ) No. 08 C 6407 |
| **UNITED STATES OF AMERICA,** | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Petitioner Larry Purnell ("Purnell") entered into a written plea agreement on September 24, 2007, in which he agreed to plead guilty to distributing 27 grams of crack cocaine, in violation of 21 U.S.C. § 841 (Count One), and knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). His plea agreement contains a waiver of his right to appeal or collaterally attack his sentence in a § 2255 petition. Specifically, paragraph 14 of the agreement reads:

> Defendant waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

(Govt. Resp. Ex. A, ¶ 14.)

In this petition, Purnell challenges his sentence pursuant to 28 U.S.C. § 2255, but only as to Count Two. He contends that the

plea waiver does not apply because his plea to Count Two was involuntary and his counsel was ineffective. For the following reasons, the petition is denied.

I.

A plea is voluntary when it is "not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea." *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). At his change of plea hearing, Purnell was advised of the charges against him and of his trial rights. He stated that he understood those rights and he understood that by pleading guilty there would be no trial and he would be found guilty based on his plea. Purnell was shown his plea agreement. He testified that he read it, reviewed it with his attorney, and signed it. Purnell also stated that he understood the penalties he faced, that no one had threatened or coerced him into pleading guilty, and that his decision was entirely voluntary.

Despite all of this sworn testimony, Purnell argues that his attorney and the government "coerced" him into pleading guilty by giving him an ultimatum, stating: "When a defendant is forced by his attorney and the government to plead to a charge he knows he did not commit, what choice do I have. When giving an ultimatum to take a plea for 11 1/2 years or go to trial and receive 30 years even when the gun charge is untrue. The Petitioner is left with only one option and that is to lie to the gun charge." (Reply, p.

8.) This argument does not suggest Purnell's plea was involuntary, but rather that Purnell entered into his plea agreement with full awareness of its consequences. *See Virsnieks v. Smith*, 521 F.3d 707, 715 (7th Cir. 2008)(citing *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Purnell does not claim to have been threatened with anything other than having to stand trial. That he chose to avoid the risk of trial and a potentially longer sentence by taking a plea does not make his plea involuntary.

Purnell also argues that his plea was involuntary because of prosecutorial misconduct. He says that the government did not disclose that no firearm was recovered, stored, or available as evidence, prior to his plea. In response, the government claims this information was always available to the defendant, that it was not material to his case, and that he was not entitled to it prior to taking a plea. *See United States v. Ruiz*, 536 U.S. 622, 629-30, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002)(prosecutors not required to make the same disclosure of material impeachment information that they would if the defendant insisted upon trial); *United States v. Buggs*, 904 F.2d 1070, 1075 (7th Cir. 1990)(§ 924(c) conviction proper based on testimony where no firearm was produced at trial). Purnell does not substantively respond to these arguments, and there is no evidence that this information was improperly

withheld.[1]

Accordingly, that Purnell did not know there was no firearm in evidence does not make his plea involuntary.

## II.

Purnell also argues that his counsel was ineffective. To succeed on this argument, he must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for his counsel's errors, the he would not have pled guilty and would have insisted on proceeding to trial. *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006). Purnell says that his counsel failed to properly research the law and review the facts of his case, in that his conduct did not amount to a violation of § 924(c)(1)(a)(i) because 1) he only had a B.B. gun, which does not meet the statutory definition of a "firearm"; 2) he did not "use" a firearm; and 3) he was never indicted for a violation of 18 U.S.C. § 924(c)(1)(A)(i).

---

[1] Purnell filed an additional page of argument on July 10, 2009, in which he contends that there was no evidence of drugs being sold from the "tennet's residence," that one of the special agents involved was not credible and supplied a false firearm trace report, and that the address for that residence in the government's report is incorrect. Even assuming these facts are true, there is no indication this information was withheld from the defendant. Furthermore, the information relates to the strength of the government's case, and not whether Purnell's plea was voluntary. *See United States v. Seybold*, 979 F.2d 582, 587 (7th Cir. 1992)(explaining for knowing plea, "knowledge" means defendant had a full understanding of the charges against him and the possible consequences of his plea, not whether he knew the full extent of the government's case).

4

Had his attorney prepared properly and advised him accordingly, Purnell claims he would not have pleaded guilty.[2]

As to his first argument, Purnell says his counsel and the government knew his weapon was a B.B. gun, and not a "firearm" as defined in the statute. Therefore, he argues, they should have known he was not factually or legally guilty of Count Two and he should never have been allowed to plead guilty to that count. This argument fails for several reasons. First, there is no evidence that Purnell's attorney or the government ever believed Purnell's weapon something other than a .45 caliber pistol. Purnell provides his own photocopies of what purports to be a B.B. gun as exhibits to his reply brief, but does not supply any connection between the gun pictured in his exhibits and the events of January 19, 2006. He does state in his reply that it is the same gun that was "seen at the tenets apartment on 1/19/2006," but there is no evidence supporting that statement. (*See* Reply, p.2.) Purnell also does not explain why he admitted under oath that he was in possession of a .45 caliber pistol if he really had a B.B. gun:

> ...With respect to Count 2, on January 19th, during the course of this crack cocaine transaction, the defendant presented a .45 caliber pistol that had a serial number 66224455, presented this pistol to the undercover agent

---

[2] Additionally, Purnell argues that he never said he told his attorney everything, that he did not have the opportunity to tell his attorney everything, and that he never said he was satisfied with his attorney's advice. These statements are all unsupported and directly contradict his own sworn testimony. (Plea Tr., Gov't Ex. B, pp.6-7.)

5

> and to the informant for them to hold and inspect. Mr. Purnell stated to them that if he needed to, the gun was able to shoot somebody through the front door of Purnell's dope house. He then took the firearm back from the undercover agent and informant, wiped it off, and placed it in a pillow case.
> That's the evidence with respect to Count 2.
>
> THE COURT: All right. Have you heard the statement of the assistant United States attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is it true?
>
> THE DEFENDANT: Yes.
>
> ...
>
> THE COURT: And did you have a gun?
>
> THE DEFENDANT: Yes.
>
> ...
>
> THE COURT: How do you plead to Counts 1 and 2?
>
> THE DEFENDANT: Guilty.

(Plea Tr., Gov't Ex. B, pp.13-14.)

Representations made in a plea colloquy are given a presumption of verity. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over." *U.S. v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999)(citations omitted). Purnell cannot obtain relief by

6

contradicting statements freely made under oath, unless he provides a compelling reason for the disparity. *See, e.g., United States v. Peterson*, 414 F.3d 825, 826-27 (7th Cir. 2005). No compelling reason is offered.

Next, Purnell cites to *Bailey v. United States*, 516 U.S. 137 (1995), for his argument that he could not be guilty of 18 U.S.C. § 924(c) because he did not "use" his weapon. Purnell contends that his attorney should have recognized the impact of the *Bailey* decision on his case and should not have advised him to take a plea. This argument fails because use is not required to sustain a conviction under § 924(c) – possession is enough. 18 U.S.C. § 924(c); *see also United States v. Castillo*, 406 F.3d 806, 812 (7th Cir. 2005)("§ 924(c)(1)(A)'s criminalizing 'possess[ion]' of a gun 'in furtherance of' certain crimes of violence and drug trafficking offenses was added by Congress in 1998 in response to ... *Bailey v. United States*.") Purnell admitted to possession of a .45 caliber pistol in furtherance of his admitted drug crime. That his attorney did not explain *Bailey* or file an appeal on this issue is of no consequence.

Purnell's last argument is that the indictment does not include Count Two and therefore his attorney was ineffective for allowing him to plead to that count. Count Two of the original indictment recites the correct substance of the charged crime, but does not reference the correct statute. (*See* Indictment, p.

7

2)(incorrectly referencing 18 U.S.C. § 942(c)(1)(A)(ii)). Purnell's plea agreement contained a similar error, citing to § 924(c)(1)(A)(ii) instead of § 924(c)(1)(A)(i). (Plea Agmt., Gov't Ex. A, p.2.) Both errors were corrected for the record at the change of plea hearing and Purnell did not object to either correction. (Plea Tr., Gov't Ex. B, pp.2-3.); *see also United States v. Field*, 875 F.2d 130, 133-34 (7th Cir. 1989) (judicial amendments to indictment are permissible if they do not change material element of indictment so as to cause prejudice to defendant). Purnell even initialed his assent to the correction in the plea agreement. (Plea Agmt., Gov't. Ex. A, p.2.) Accordingly, Purnell's argument that he pleaded guilty to a crime for which he was not indicted is without merit.

III.

For the foregoing reasons, Purnell's plea waiver stands and his § 2255 petition is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Date: July 17, 2009

8